SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| DAVID GARCIA, | ) | Arizona Supreme Court |
| | ) | No. CV-06-0320-PR |
| Petitioner, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division Two |
| | ) | No. 2 CA-SA 06-0040 |
| THE HONORABLE CHRISTOPHER | ) | |
| BROWNING, Judge of the Superior | ) | Pima County |
| Court of the State of Arizona, in | ) | Superior Court |
| and for the COUNTY OF PIMA, | ) | No. CR-20044702 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | **O P I N I O N** |
| | ) | |
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| _____ | ) | |

Special Action from the Superior Court in Pima County
The Honorable Christopher Browning, Judge

**AFFIRMED**
_____

Opinion of the Court of Appeals, Division Two
213 Ariz. 598, 146 P.3d 1007 (2006)

**REVERSED**
_____

BARBARA LAWALL, PIMA COUNTY ATTORNEY                          Tucson
     By   Taren M. Ellis, Deputy County Attorney
Attorneys for State of Arizona

D. JESSE SMITH                                               Tucson

And

PAYSON & GATTONE                                            Tucson
     By   Anthony Payson II
Attorneys for David Garcia

ANDREW P. THOMAS, MARICOPA COUNTY ATTORNEY          Phoenix
      By    Diane Gunnels Rowley, Deputy County Attorney
Attorneys for Amicus Curiae Maricopa County Attorney's Office
_____

**R Y A N**, Justice

¶1        This case requires us to decide whether recent amendments to Arizona's affirmative defense and justification laws apply to criminal offenses committed before the effective date of the new statutes. We hold that these changes apply only to offenses committed on or after the effective date of the amendments.

**I**

¶2        On December 13, 2004, a Pima County grand jury indicted David Garcia for first degree murder for events that occurred on December 5, 2004.   Garcia subsequently disclosed several justification defenses, including self-defense, third-party defense, and crime prevention. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-404, -405, -406, -411 (2001).  At the time of the offense, A.R.S. § 13-205 (2001) required that a defendant prove any justification defense by a preponderance of the evidence.

¶3        Before Garcia's trial began, however, the legislature enacted Senate Bill 1145.  That bill made several changes to the criminal code provisions pertaining to affirmative defenses and justification defenses. *See* 2006 Ariz. Sess. Laws, ch. 199.  Among other things, the bill amended A.R.S. §§ 13-103(B) and -205(A) to

2

provide that justification defenses are not affirmative defenses. *Id.* §§ 1-2. The bill also declared that "[j]ustification defenses describe conduct that, if not justified, would constitute an offense but, if justified, does not constitute criminal or wrongful conduct." *Id.* § 2 (amending A.R.S. § 13-205(A)). That same section provides that "[i]f evidence of justification pursuant to [A.R.S. §§ 13-401 to -420 (2001 & Supp. 2006)] . . . is presented by the defendant, the state must prove beyond a reasonable doubt that the defendant did not act with justification."

¶4 The Governor signed Senate Bill 1145 into law on April 24, 2006. Because the bill contained a clause stating that "[t]his act is an emergency measure that is necessary to preserve the public peace, health or safety and is operative immediately as provided by law," *id.* § 6, it became effective on that date. *See* Ariz. Const. art. 4, pt. 1, § 1(3).

¶5 Shortly thereafter, Garcia filed a motion to remand his case to the grand jury for a new finding of probable cause because the grand jury had been instructed on the "now repealed A.R.S. [§] 13-205." Garcia also asked the superior court to instruct the trial jury using the new version of A.R.S. § 13-205 (Supp. 2006). The superior court denied both requests. Garcia then filed a petition for special action in the court of appeals. That court accepted jurisdiction and held that the amendments contained in Senate Bill 1145 were intended "to apply to pending cases that had not yet gone

3

to trial." *Garcia v. Browning*, 213 Ariz. 598, ___, ¶ 26, 146 P.3d 1007, 1016 (App. 2006).[1]  The court therefore reversed the portion of the superior court's order precluding application of the new version of A.R.S. § 13-205 to Garcia's trial.  *Id.*

¶6        The State filed a petition for review, which we granted because this matter concerns an issue of statewide importance on which lower courts have reached differing conclusions.  We have jurisdiction under Article 6, Section 5(3), of the Arizona Constitution, A.R.S. § 12-120.24 (2003), and Arizona Rule of Procedure for Special Actions 8(b).

## II

### A

¶7        No law is "retroactive unless expressly declared therein." A.R.S. § 1-244 (2002). As we held in *State v. Coconino County Superior Court (Mauro)*: "Unless a statute is expressly declared to be retroactive, it will not govern events that occurred before its effective date."  139 Ariz. 422, 427, 678 P.2d 1386, 1391 (1984). Thus, absent a clear expression of retroactivity, a newly enacted law applies only prospectively.  *See State v. Fell*, 210 Ariz. 554, 560, ¶ 21, 115 P.3d 594, 600 (2005).

---

[1]    The court of appeals, however, declined to consider Garcia's challenge to the grand jury proceedings because "the grand jury was instructed in accordance with the law that existed at the time it indicted Garcia." *Garcia*, 213 Ariz. at ___, ¶ 6, 146 P.3d at 1010.

**¶8**     The legislature plainly knows how to provide for the retroactivity of measures that it enacts.  For example, House Bill 2132 and Senate Bill 1461, both considered by the same legislature that enacted Senate Bill 1145, incorporated detailed sections on the retroactivity of those bills.  House Bill 2132 specifically provided that the amended section "applies retroactively to taxable periods beginning from and after June 30, 1999."  2006 Ariz. Sess. Laws, ch. 171, § 2.  Senate Bill 1461 stated that "[s]ections 2 and 3 of this act are effective retroactively to July 1, 2006."  *Id.* ch. 391, § 8.  Senate Bill 1145, in contrast, contains no provision regarding retroactivity.  *Id.* ch. 199.

**B**

**¶9**     The court of appeals acknowledged that A.R.S. § 1-244 requires an express declaration for a new law to apply retroactively, and "[t]hus, statutes are presumptively prospective in application."  *Garcia*, 213 Ariz. at ___, ¶ 9, 146 P.3d at 1010-11 (citing *Aranda v. Indus. Comm'n*, 198 Ariz. 467, 470, ¶ 10, 11 P.3d 1006, 1009 (2000)).  But, without any further discussion of § 1-244, the court turned to the emergency provision of Senate Bill 1145.  *Id.* at ___, ¶ 9, 146 P.3d at 1011.  The court found the phrase "operative immediately" in section 6 of Senate Bill 1145 unclear.  *Id.*  The court of appeals, therefore, looked beyond the language of Senate Bill 1145 to determine whether the legislature may have "intended the statute to apply to cases like Garcia's that had not yet gone to trial when the statute

went into effect, notwithstanding that the offense occurred before the effective date." *Id.* The court concluded that the legislature's intent was "to make the provisions applicable as soon as lawfully possible . . . regardless of whether the legislature considered such an application to be prospective or retroactive." *Id*. at ___, ¶ 14, 146 P.3d at 1012.

¶10    But the "operative immediately" language in an emergency clause simply means that the bill will go into effect on the date it is signed by the Governor instead of ninety days after the end of the legislative session. *See* Ariz. Const. art. 4, pt. 1, § 1(3); *see also Clark v. Boyce*, 20 Ariz. 544, 547, 185 P. 136, 137 (1919). That language has no effect on whether the bill applies to antecedent events. Accordingly, the court of appeals erred in finding unclear the phrase "operative immediately as provided by law" in the emergency clause of Senate Bill 1145; the court thus had no reason to turn to legislative history to determine the legislature's intent as to when the changes to the affirmative defenses and justification defenses became effective. *Ariz. Newspapers Ass'n v. Superior Court*, 143 Ariz. 560, 562, 694 P.2d 1174, 1176 (1985) ("If statutory language is not subject to different interpretations, we need look no further than the text of the statute to determine legislative intent.").

¶11    In A.R.S. § 1-244, the legislature has plainly directed that we are not to look to external sources, such as legislative history, to determine whether a statute is to be applied

6

retroactively.  The court of appeals, therefore, erred in examining the legislative history of Senate Bill 1145.[2]  It should instead have applied the plain language of § 1-244.

C

**¶12**      Although the mandate of A.R.S. § 1-244 is clear, that does not end our analysis.  We must determine whether the court of appeals, in holding that the operative event was the trial, gave retroactive, rather than prospective, effect to Senate Bill 1145.  A statute is not necessarily "'retroactive in application simply because it may relate to antecedent facts.'"  *Aranda*, 198 Ariz. at 472, ¶ 24, 11 P.3d at 1011 (quoting *Tower Plaza Invs. Ltd. v. DeWitt*, 109 Ariz. 248, 250, 508 P.2d 324, 326 (1973)).  If the provisions of Senate Bill 1145 apply only to the conduct of the trial, as Garcia contends, then application of the new justification defense statutes is required.  If, on the

---

[2]      We note that the legislative history cited by the court of appeals, *see Garcia*, 213 Ariz. at ___, ¶¶ 11-13, 146 P.3d at 1011-12, which consists primarily of comments of individual legislators, does not necessarily lead to that court's conclusion that the legislature intended the bill to apply to cases that had not yet been tried.  *See City of Tucson v. Consumers for Retail Choice*, 197 Ariz. 600, 604-05, ¶ 14, 5 P.3d 934, 938-39 (App. 2000) (noting that statements of individual legislators are not necessarily indicative of full legislature's intent).  In any event, legislative history does not satisfy A.R.S. § 1-244's requirement that the law expressly declare that it is retroactive.  *See* Ariz. Legis. Council, *The Arizona Legislative Bill Drafting Manual* § 4.11, at 41 (2006), *available at* http://www.azleg.state.az.us/alisPDFs/council/bdmwog2006.pdf (stating that A.R.S. § 1-244 requires "that the retroactivity of a statute be '*expressly declared*'").

other hand, Senate Bill 1145 regulates primary conduct, then it cannot be applied to antecedent acts.

¶13     The court of appeals concluded that "a defendant's trial is the operative event for applying a statutory amendment that was enacted as an emergency measure, rendering it effective immediately." *Garcia*, 213 Ariz. at ___, ¶ 26, 146 P.3d at 1016. Further, the court reasoned that the application of the new version of A.R.S. § 13-205 to Garcia's trial was prospective because the law became effective before his trial began, and only affected "how the parties . . . prepare for trial and how trial is to be conducted." *Id.*

¶14     We disagree. First, Arizona cases have consistently held that the date of the offense is the operative event for retroactivity analysis when a new statute regulates primary conduct. *See Mauro*, 139 Ariz. at 427, 678 P.2d at 1391; *see also In re Shane B.*, 198 Ariz. 85, 87, ¶ 7, 7 P.3d 94, 96 (2000); *cf. Landgraf v. USI Film Prods.*, 511 U.S. 244, 291 (1994) ("Most statutes are meant to regulate primary conduct, and hence will not be applied in trials involving conduct that occurred before their effective date.") (Scalia, J., concurring in the judgment). Second, Senate Bill 1145 does not merely affect the conduct of trial, but rather also regulates primary conduct. The bill not only shifts the burden of proof from the defendant to the state, which now must prove beyond a reasonable doubt that a defendant's actions were not justified, but also declares that conduct that is justified "does not constitute criminal or wrongful

8

conduct." A.R.S. § 13-205(A); 2006 Ariz. Sess. Laws, ch. 199, § 2. This shift in the burden of proof will impact police investigations and prosecutorial charging decisions. More importantly, applying the amended statutes here to conduct that occurred before April 24, 2006, alters the legal consequences that attached to such conduct at the time it was committed, giving the statutes retroactive effect. *See Zuther v. State*, 199 Ariz. 104, 109, ¶ 15, 14 P.3d 295, 300 (2000) (citing *Landgraf*, 511 U.S. at 270; *San Carlos Apache Tribe v. Superior Court*, 193 Ariz. 195, 205, ¶ 15, 972 P.2d 179, 189 (1999)); *see also Tower Plaza Invs. Ltd.*, 109 Ariz. at 250, 508 P.2d at 326. Because application of the provisions of Senate Bill 1145 to events that occurred before the effective date of the amendments attaches new legal consequences to those events, it violates the clear directive of A.R.S. § 1-244.

**D**

¶15    Although the court of appeals maintained that the provisions of Senate Bill 1145 were "prospectively applicable, not retroactive," *Garcia*, 213 Ariz. ___, ¶ 21, 146 P.3d at 1014, it recognized that our decision in *Mauro* decided a similar issue solely on the basis of A.R.S. § 1-244, *id*. at ___, ¶ 23, 146 P.3d at 1015 (citing *Mauro*, 139 Ariz. at 427, 678 P.2d at 1391).

¶16    In *Mauro*, the defendant was charged with first degree murder and child abuse. 139 Ariz. at 423, 678 P.2d at 1387. He claimed insanity as a defense to the charges. *See id*. When the alleged

offenses occurred, "a defendant could rebut the presumption of sanity by introducing evidence which generated substantial and reasonable doubt as to his sanity.  The burden was then on the state to prove the accused's sanity beyond a reasonable doubt." *Id*. at 426, 678 P.2d at 1390 (citations omitted).  Before trial, however, the legislature amended the insanity defense to require "the accused . . . prove he is not criminally responsible by reason of insanity.  He carries his burden of proof if he introduces clear and convincing evidence." *Id*. (citing A.R.S. § 13-502(B) (Supp. 1983-84)).  Despite the defendant's argument that the amended insanity defense would violate the Ex Post Facto Clause, U.S. Const. art. I, § 10, cl. 1, the Court, citing A.R.S. § 1-244, decided that the prior version of the insanity defense applied to the defendant's case because it found no express language that made the new revisions retroactive. *Id*. at 427, 678 P.2d at 1391.

¶17      The court of appeals attempted to distinguish this case from *Mauro*.  *Garcia*, 213 Ariz. at ___, ¶¶ 22-23, 146 P.3d at 1015. The court believed that in this case, unlike in *Mauro*, "the legislative history of § 13-205 and its enactment as an emergency measure clearly reflect the legislature's intent to give the statute immediate application." *Id.* at ¶ 23.  As discussed above, however, nothing in the legislative history or the bill's enactment as an emergency measure demonstrates the legislature's intent to make the amendments to the affirmative defense and justification statutes apply to conduct that occurred before the statute's effective date.

*See Mauro*, 139 Ariz. at 427, 678 P.2d at 1391. Therefore, *Mauro* cannot be distinguished from this case based on legislative intent.

¶18     The court of appeals further attempted to distinguish *Mauro* on the ground that ex post facto considerations "potentially were implicated" in that case. *Garcia*, 213 Ariz. at ___, ¶ 23, 146 P.3d at 1015. But as discussed above, in *Mauro* we expressly did not address whether the change in the burden of proof for an insanity defense would violate ex post facto proscriptions; instead we decided the case solely on the basis of the plain language of A.R.S. § 1-244. 139 Ariz. at 427, 678 P.2d at 1391.

### E

¶19     Finally, the court of appeals reasoned that the provisions of Senate Bill 1145 could be applied to criminal cases in which the offense occurred before the bill's effective date, even if that gave the statute retroactive effect, because the court found "no constitutional or statutory impediment to such an application." *Garcia*, 213 Ariz. at ___, ¶ 26, 146 P.3d at 1016. We agree that nothing in the United States Constitution or the Arizona Constitution prohibits applying Senate Bill 1145 to defendants who committed their offenses before the effective date of the amendments; it is undisputed that the Ex Post Facto Clause is not implicated here. But that is not the issue before us. The question is not whether the legislature *could* have made Senate Bill 1145 retroactive, but rather whether it did so. Because § 1-244 plainly requires an express declaration from

the legislature before a law can apply retroactively, it proscribes the result reached by the court of appeals.

### III

¶20     In sum, the legislature did not expressly declare in Senate Bill 1145 that it applied to criminal offenses committed before its effective date. The bill's changes to the criminal code's affirmative defense and justification defense provisions therefore apply only to offenses occurring on or after its effective date of April 24, 2006.

### IV

¶21     For the foregoing reasons, we reverse the opinion of the court of appeals and remand the case to the superior court for further proceedings consistent with this opinion.

_____
Michael D. Ryan, Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice