204 P.3d 429

**STATE of Arizona, Appellee,**

v.

**Jesus VALVERDE, Jr., Appellant.**

**No. 1 CA–CR 07–0696.**

Court of Appeals of Arizona,
Division 1, Department E.

Sept. 16, 2008.

Review Granted March 17, 2009.

---

Terry Goddard, Attorney General by Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section and Joseph T. Maziarz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Nicole Farnum, Tempe, Attorney for Appellant.

## OPINION

IRVINE, Presiding Judge.

¶ 1 Jesus Valverde, Jr. ("Valverde") appeals his conviction for aggravated assault because the trial court did not instruct the jury regarding his burden of proof for his affirmative defense of self-defense. For the following reasons, we reverse his conviction and remand for a new trial.

### FACTS [1] AND PROCEDURAL HISTORY

¶ 2 Valverde was charged in Maricopa County Superior Court with one count of aggravated assault, a class three dangerous felony. At trial before a jury, Valverde claimed he was acting in self-defense.

¶ 3 Valverde testified that the altercation took place when he and the victim, Ricky V. ("Ricky"), were in the computer room of Valverde's sister's apartment. While Ricky was at the computer, he allegedly told Valverde that if Valverde let Ricky spend some time with Valverde's sister, then nothing would happen to Valverde. Valverde did not want Ricky to do anything to his sister, who was in bed in her room across the hallway, so he told Ricky to leave the apartment before "something serious" happened. Valverde said that Ricky would not leave, which worried Valverde, and the subsequent tension between the two of them made Valverde feel threatened. Valverde moved to the doorway of the computer room to look into the living room for the telephone. While doing so, he took hold of a box-cutter that he kept in his pocket and opened the blade while keeping the box-cutter inside of his pocket. Valverde said that Ricky stood up and then sat back down, as if he was thinking about what he was going to do. He saw Ricky looking at some wire cutters that were on the computer desk. Valverde said that Ricky grabbed the wire cutters, started to rise from the computer desk, and came towards him, so Valverde swung at Ricky with the box-cutter. Valverde cut Ricky's neck with the box-cutter from his ear to his lip.

¶ 4 Ricky's version of events was different. Ricky testified that during the time he and Valverde were in the computer room together, Valverde seemed paranoid. Ricky said Valverde kept watching him and seemed to feel threatened. Ricky said that while he was at the computer downloading music, Valverde asked Ricky to come up with a logo for a tattoo shop he wanted to open. Valverde appeared defensive and "disrespected" by Ricky's suggestion that the logo should consist of the words "cold finger." Ricky asked

1. "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against [defendant]." *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App. 1997).

Valverde if Valverde wanted him to leave but Valverde said no. At one point, Ricky started feeling "weird." He was hot and his blood pressure started to go up. He asked Valverde if Valverde had done anything to the Gatorade Ricky had been drinking and Valverde said that he had put "speed" in it. Ricky decided he should leave so he turned back to the computer to remove his CD. Valverde, who was by then standing at the computer room door, said "[y]ou know I want your life." Ricky felt a blow as though someone had hit him on the side of his face. Valverde tried to kick and knock Ricky down. Ricky grabbed at a stool and fell against the wall. Valverde ran for the kitchen. As Ricky left the computer room, he realized he was bleeding. Ricky testified that he did not threaten Valverde and never picked up any wire cutters. He also testified that he never threatened Valverde's sister.

¶ 5 Although Valverde's attorney asked the trial court to give the jury instructions on self-defense and the State's general burden of proof, his attorney did not request a specific instruction on Valverde's burden of proof for self-defense. The instructions read to the jury by the trial court included the State's burden to prove all elements of the alleged crime beyond a reasonable doubt and the elements Valverde had to prove to justify the use of physical force against Ricky in self-defense. The jury was not given an instruction at any time informing them what level of proof Valverde bore to prove self-defense.

¶ 6 The jury found Valverde guilty of aggravated assault, a dangerous offense. Valverde was sentenced to the presumptive sentence of 7.5 years. Valverde timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 13–4033(A) (2001) and 12–2101(B) (2003).

## DISCUSSION

¶ 7 On appeal, Valverde argues that it was fundamental error for the trial court not

to instruct the jury that self-defense is an affirmative defense requiring proof by a preponderance of the evidence; therefore, Valverde's conviction must be reversed. The State argues that the omission was not fundamental error because the failure to instruct on Valverde's burden of proof did not take an essential right away from Valverde, did not go to the foundation of the case, and was not of such magnitude that Valverde could not receive a fair trial. The State also argues that because Valverde was not prejudiced by the omission, fundamental error as defined in *State v. Henderson*, 210 Ariz. 561, 115 P.3d 601 (2005), did not occur.

¶ 8 In Arizona, a defendant's burden of proof when asserting an affirmative defense is defined by statute. At the time Valverde cut Ricky, the operative statute stated "[e]xcept as otherwise provided by law, a defendant shall prove any affirmative defense raised by a preponderance of the evidence."[2] A.R.S. § 13–205 (Supp.2007). Because Valverde did not request an instruction on his burden of proof, he is entitled to relief only if the failure to instruct constitutes fundamental error. *Henderson*, 210 Ariz. at 567, ¶ 19, 115 P.3d at 607.

¶ 9 Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Id.* (quoting *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984)). To prove fundamental error, a defendant must show that error exists and that the error prejudiced him. *Id.* at 567, ¶ 20, 688 P.2d at 607 (citing *Hunter*, 142 Ariz. at 90, 688 P.2d at 982, among others, to establish the foundation for a showing of prejudice to prevail under the standard of review for fundamental error).

¶ 10 Our supreme court has ruled that failure to instruct the jury on burden of proof is fundamental error. *Hunter*, 142 Ariz. at 90, 688 P.2d at 982. In *Hunter*, the court

---

**2.** Effective April 24, 2006, the burden of proof for a claim of self-defense has been changed. *Garcia v. Browning*, 214 Ariz. 250, 151 P.3d 533 (2007). The amended statute provides that "[i]f evidence of justification pursuant to [A.R.S.

§§ 13–401 to –420 (2001 & Supp.2006)] ... is presented by the defendant, the state must prove beyond a reasonable doubt that the defendant did not act with justification." *Id.* at 251, ¶ 3, 151 P.3d at 534.

addressed error when the defendant did not object to the trial court's improper instruction to the jury regarding the defendant's burden for self-defense. *Id.* Acknowledging that fundamental error must be "error of such magnitude that the defendant could not possibly have received a fair trial," the court held that failure to properly instruct the jury regarding the defendant's burden of proof on self-defense is fundamental error. *Id.* The court reasoned:

> "The very purpose of a jury charge is to flag the jurors' attention to concepts that must not be misunderstood, such as reasonable doubt and burden of proof." It is vital that the jury not misunderstand the concept of the defendant's burden of proof on self-defense; the jury must be instructed with great care to prevent the misunderstanding of this concept.

*Id.* (citing *State v. Denny,* 119 Ariz. 131, 134, 579 P.2d 1101, 1104 (1978)).

¶ 11 Although *Hunter* was decided before *Henderson* clarified the application of fundamental error, we cannot say it is no longer good law. *Henderson* repeatedly cited to *Hunter* as authority for its definition of fundamental error, 210 Ariz. at 565, 567, 568, 569, 115 P.3d at 605, 607, 608, 609, including its description of what constitutes prejudice. Because the supreme court accepted *Hunter's* holding that failure to properly instruct on the burden of proof will prejudice the defendant, we will do the same. Consequently, we hold that the jury here should have been instructed that the burden of proof for self-defense is a preponderance of the evidence. Failing to do so left the jury uninformed of the vital concept of Valverde's burden of proof.

¶ 12 The State argues that any reasonable juror would have construed the instructions that were given—that the State had to prove the elements of the crime beyond a reasonable doubt and that Valverde did not have to prove his innocence—as requiring the State to prove beyond a reasonable doubt that Valverde's actions were not justified. We do not believe this argument is supported by the plain language of the instructions, which provide that a "defendant is justified in using or threatening physical force in self defense"

only if certain conditions existed. Moreover, such a construction would not be a correct statement of the law regarding Valverde's burden of proof. *See State v. Sierra–Cervantes,* 201 Ariz. 459, 461, ¶ 11, 37 P.3d 432, 434 (App.2001) ("As [§ 13–205] makes plain, the *defendant* now has the burden to prove a justification defense by a preponderance of the evidence.... Thus, the burden is no longer on the state to prove beyond a reasonable doubt that the be advised that the state bears any burden on self-defense."). Furthermore, we read Valverde's attorney's closing arguments as consisting of a correct restatement of the elements of justification and the State's burden of proof but do not read them to include the appropriate instruction regarding Valverde's burden of proof.

## CONCLUSION

¶ 13 Because failure to instruct the jury on Valverde's burden of proof for self-defense took away a right essential to Valverde's defense and the error was such that he could not have a fair trial as a result, his conviction is reversed and the case is remanded for a new trial.

CONCURRING: PATRICIA K. NORRIS, and MAURICE PORTLEY, Judges.