SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA, | ) Arizona Supreme Court |
| | ) No. CR-08-0292-PR |
| Appellee, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-CR 07-0696 |
| JESUS VALVERDE, JR., | ) |
| | ) Maricopa County |
| Appellant. | ) Superior Court |
| | ) No. CR2006-119293-001 DT |
| | ) |
| | ) |
| | ) **O P I N I O N** |
| _____ | ) |

Appeal from the Superior Court in Maricopa County
The Honorable J. Richard Gama, Judge

**AFFIRMED**

_____

Opinion of the Court of Appeals, Division One
220 Ariz. 171, 204 P.3d 429 (App. 2008)

**VACATED**

_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   Kent E. Cattani, Chief Counsel
          Criminal Appeals/Capital Litigation Section
          Joseph T. Maziarz, Assistant Attorney General
Attorneys for State of Arizona

LAW OFFICE OF NICOLE T. FARNUM                               Tempe
     By   Nicole T. Farnum
Attorney for Jesus Valverde, Jr.

_____

**B A L E S**, Justice

¶1      The trial court, without objection, failed to instruct the jury that the defendant, rather than the State, had the

burden of proof on self-defense under the applicable law. Because the defendant has not shown prejudice from the omitted instruction, it is not fundamental error.

**FACTS AND PROCEDURAL BACKGROUND**

¶2    Jesus Valverde, Jr. was charged with aggravated assault. At trial, he admitted committing the assault on April 19, 2006, but claimed he had acted in self-defense. The applicable statute provided that "a defendant shall prove any affirmative defense raised by a preponderance of the evidence." Ariz. Rev. Stat. ("A.R.S.") § 13-205 (2001).[1]

¶3    Valverde's attorney asked the court to instruct the jury on the elements of self-defense and the State's burden of proof beyond a reasonable doubt, but did not request and the trial court did not give an instruction explaining Valverde's burden to prove self-defense by a preponderance of the evidence. With regard to self-defense, the trial court, without objection, instructed the jury:

> Justification for Self-Defense. A defendant is justified in using or threatening physical force in self-defense if the following two conditions existed:

---

[1]    On April 24, 2006, the Legislature amended A.R.S. § 13-205 to provide that, if a defendant provides evidence of justification pursuant to chapter 4 of title 13, "the state must prove beyond a reasonable doubt that the defendant did not act with justification." 2006 Ariz. Sess. Laws, ch. 199, § 2 (2d Reg. Sess.). The 2006 amendment does not apply to offenses committed before its effective date. *Garcia v. Browning*, 214 Ariz. 250, 251 ¶ 1, 151 P.3d 533, 534 (2007).

2

1.  A reasonable person in the defendant's situation would have believed that physical force was immediately necessary to protect against another's use or attempted use of unlawful physical force; *and*
2.  The defendant used or threatened no more physical force than would have appeared necessary to a reasonable person in the defendant's situation.

Self-defense justifies the use or threat of physical force only while the apparent danger continues, and it ends when the apparent danger ends. The force used may not be greater than reasonably necessary to defend against the apparent danger.

The use of physical force is justified if a reasonable person in the situation would have reasonably believed that immediate physical danger appeared to be present. Actual danger is not necessary to justify the use of physical force or deadly physical force in self-defense.

You must decide whether a reasonable person in a similar situation would believe that physical force was immediately necessary to protect against another's use of unlawful physical force. You must measure the defendant's belief against what a reasonable person in the situation would have believed.

¶4        The jury found Valverde guilty of aggravated assault, and the trial court sentenced him to the presumptive term of 7.5 years' imprisonment.

¶5        On appeal, Valverde argued that the trial court erred by not instructing the jury that self-defense is an affirmative defense that the defendant must prove by a preponderance of the evidence. *State v. Valverde*, 220 Ariz. 171, 173 ¶ 7, 204 P.3d 429, 431 (App. 2008). Because Valverde did not request an instruction on his burden of proof or object to the instruction

3

given, the court of appeals properly reviewed the instructions for fundamental error. *Id.* at ¶ 8 (citing *State v. Henderson*, 210 Ariz. 561, 567 ¶ 19, 115 P.3d 601, 607 (2005)).

**¶6** The court of appeals, citing *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984), concluded that "failure to properly instruct the jury regarding the defendant's burden of proof on self-defense is fundamental error." *Valverde*, 220 Ariz. at 174 ¶ 10, 204 P.3d at 432. The court acknowledged that *Hunter* predated *Henderson*'s comprehensive discussion of fundamental error but noted that *Henderson* cited *Hunter* approvingly. *Id.* at ¶ 11. The court interpreted the two opinions as recognizing that a failure to properly instruct on the defendant's burden of proof is both fundamental and prejudicial. *Id.* Accordingly, the court vacated Valverde's conviction and remanded for a new trial. *Id.* at ¶ 13.

**¶7** Three months later, in a case involving similar facts, another panel of the court of appeals concluded that no prejudice resulted from a trial court's failure to instruct on the defendant's burden of proof for self-defense. *State v. Karr*, 545 Ariz. Adv. Rep. 3, 4 ¶ 15 (App. Dec. 18, 2008).

**¶8** We granted review to resolve the conflict between the opinions of the court of appeals and to reconcile our opinions in *Hunter* and *Henderson*. Our jurisdiction is based on Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-

4

120.24 (2003).

## DISCUSSION

## I.

¶9      Alleged trial court error in criminal cases may be subject to one of three standards of review: structural error, harmless error, or fundamental error.  Each type of error places a different burden of proof on the parties.

¶10      Structural error "deprive[s] defendants of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence," *State v. Ring* (*Ring III*), 204 Ariz. 534, 552 ¶ 45, 65 P.3d 915, 933 (2003) (internal quotation marks omitted), and "therefore is limited to such circumstances as denial of counsel or a biased [trier or fact]," *State v. Garza*, 216 Ariz. 56, 63 n.6 ¶ 20, 163 P.3d 1006, 1013 n.6 (2007).[2]  If an appellate court finds structural error, reversal is mandated regardless of

---

[2]      In *Ring III*, we identified instances in which the United States Supreme Court has found structural error.

> Those instances involve errors such as a biased trial judge, complete denial of criminal defense counsel, denial of access to criminal defense counsel during an overnight trial recess, denial of self-representation in criminal cases, defective reasonable doubt jury instructions, exclusion of jurors of the defendant's race from grand jury selection, excusing a juror because of his views on capital punishment, and denial of a public criminal trial.

204 Ariz. at 552-53 ¶ 46, 65 P.3d at 933-34 (footnotes omitted).

whether an objection is made below or prejudice is found. If error is structural, prejudice is presumed. *United States v. Warner*, 498 F.3d 666, 704 (7th Cir. 2007).

¶11      Harmless error review, in contrast, applies in cases in which the defendant properly objects to non-structural error. *Henderson*, 210 Ariz. at 567 ¶ 18, 115 P.3d at 607. A reviewing court will affirm a conviction despite the error if it is harmless, that is, if the state, "in light of all of the evidence," can establish beyond a reasonable doubt that the error did not contribute to or affect the verdict. *State v. Bible*, 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993). "'The inquiry . . . is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.'" *State v. Anthony*, 218 Ariz. 439, 446 ¶ 39, 189 P.3d 366, 373 (2008) (quoting *Bible*, 175 Ariz. at 588, 858 P.2d at 1191).

¶12      If no objection is made at trial, and the error alleged does not rise to the level of structural error, we review only for fundamental error. *Henderson*, 210 Ariz. at 567 ¶¶ 19, 115 P.3d at 607. Fundamental error is limited to "those rare cases that involve 'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant

could not possibly have received a fair trial.'" *Id.* (quoting *Hunter*, 142 Ariz. at 90, 688 P.2d at 982). The defendant bears the burden of proving both that the error was fundamental and that the error caused him prejudice. *Id.* at ¶ 20. We place this burden on the defendant "to discourage a defendant from 'tak[ing] his chances on a favorable verdict, reserving the "hole card" of a later appeal on [a] matter that was curable at trial, and then seek[ing] appellate reversal.'" *Id.* at ¶ 19 (quoting *State v. Valdez*, 160 Ariz. 9, 13-14, 770 P.2d 313, 317-18 (1989)). Because fundamental error review is a fact-intensive inquiry, the showing necessary to demonstrate prejudice will vary on a case-by-case basis. *Id.* at 568 ¶ 26, 115 P.3d at 608.

## II.

¶13 In *Hunter*, we held that the failure to instruct on the burden of proof as to the defendant's self-defense claim constituted fundamental error in that case. 142 Ariz. at 90, 688 P.2d at 982. At the time, Arizona law required that the state prove "all of its case against a defendant beyond a reasonable doubt[,]" including rebuttal of self-defense. *Id.* at 89, 688 P.2d at 981. Thus, when a defendant claimed self-defense, he was required only to "present evidence sufficient to raise a reasonable doubt about whether his conduct was justified" and was not required to "prove that he properly acted

7

in self-defense." *Id.* The trial court instructed the jury that the state must prove its case beyond a reasonable doubt and that "[i]f you decide the defendant's conduct was justified, you must find the defendant not guilty." *Id.* Because the trial court instructed jurors generally on the state's burden, but failed to set forth the burden with respect to self-defense, we concluded that the instructions could mislead or confuse the jury. *Id.* at 90, 688 P.2d at 982. Concerned that the jury could have interpreted the instruction as impermissibly shifting the burden of proof to the defendant, we found that the failure to specifically instruct on the burden of proof constituted fundamental error. *Id.*

¶14 In *Henderson*, we cited *Hunter* to illustrate the application of fundamental error analysis. *Henderson*, 210 Ariz. at 567 ¶¶ 19-20, 115 P.3d at 607. We neither held nor stated that *Hunter* established that prejudice inevitably results when a court fails to instruct on the defendant's burden of proof in self-defense cases. Instead, in *Henderson*, we cited *Hunter* for the proposition that a "defendant must demonstrate how [a] faulty jury instruction prejudiced him." *Id.* at 569 ¶ 26, 688 P.2d at 609. To the extent the *Valverde* court interpreted either *Henderson* or *Hunter* as establishing a per se rule, the court of appeals erred by conflating fundamental error with structural error.

¶15       Assuming that the omission of an instruction on the defendant's burden was fundamental in nature, an issue we need not address here, we must consider whether Valverde showed that the error resulted in prejudice in the circumstances of his case.  On this issue, it is notable that Valverde, unlike the defendant in *Hunter*, actually had the burden of proving self-defense by a preponderance of the evidence.  The trial court instructed the jury that Valverde did not have to prove his innocence and that the State was required to prove beyond a reasonable doubt that he was guilty.

¶16       In assessing the impact of an erroneous instruction, we also consider the attorneys' statements to the jury.  *State v. Kinkade*, 140 Ariz. 91, 94-95, 680 P.2d 801, 804-05 (1984).  In her opening statement, Valverde's counsel said: "This was self-defense.  The State cannot prove its case to you beyond a reasonable doubt."  During closing arguments, she again argued: "The State here can't meet its burden.  This is a justifiable use of force."  The lawyers did not otherwise address the burden of proof in their closing arguments.

¶17       In light of defense counsel's statements, Valverde cannot show that he was prejudiced by the trial court's failing to instruct the jury as to his burden of proving self-defense. The trial court's omission would most likely have led the jury

to conclude that the State was required to prove beyond a reasonable doubt that Valverde did not act in self defense, an interpretation that would have helped rather than harmed Valverde.

**IV.**

¶18    Because the trial court's failure to specifically instruct on Valverde's burden of proof for self-defense did not prejudice Valverde, we vacate the opinion of the court of appeals and affirm the judgment of the trial court.


_____
W. Scott Bales, Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice

10