NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERNIE ORTEGA, *Appellant*.

No. 1 CA-CR 16-0047
FILED 11-15-2016

Appeal from the Superior Court in Yuma County
No. S1400CR201401399
The Honorable Lisa W. Bleich, Commissioner

**AFFIRMED**

COUNSEL

Yuma County Legal Defender's Office, Yuma
By Terri L. Capozzi
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Randall M. Howe joined.

---

**K E S S L E R,** Judge:

**¶1**         Appellant, Ernie Ortega, seeks reversal of a conviction for aggravated assault against a correctional officer. He argues on appeal that the trial court committed structural error by failing to establish jurisdiction. For the following reasons, we affirm Ortega's conviction and sentence.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**         In 2013, Ortega was an inmate at the Arizona Department of Corrections in Yuma. Ortega shared a cell with inmate Galindo. On December 13, 2013, Correctional Officer GG visited Ortega's cell to talk to Galindo about a disciplinary matter. Officer GG opened the cell door to talk to Galindo. Ortega shoved Galindo aside and struck Officer GG's face twice with his fist. Officer GG backed away. Ortega unsuccessfully attempted to punch Officer GG once again. Officer GG then managed to subdue Ortega with pepper spray.

**¶3**         Officer GG suffered a cut under his lip, a loose tooth, swelling under his eye, and a stiff neck. Special Investigator JS conducted an investigation into the incident and prepared a report. The report states that the incident occurred at Arizona State Prison Complex-Dakota in San Luis, Arizona.

**¶4**         Ortega was charged with aggravated assault and voluntarily waived his right to a jury trial. During trial, Officer GG and Special Investigator JS testified that the incident occurred at the Arizona state prison *in* Yuma.[1] The location was also referred to as "Yuma prison."

**¶5**         Prior to closing arguments, Ortega made a motion for acquittal pursuant to Arizona Rule of Criminal Procedure 20. Ortega argued in part that jurisdiction had not been established by the requisite

---

[1]         Officer GG testified that he worked at the Arizona state prison *in* Yuma and that the incident occurred there. Special Investigator JS testified that he worked at the prison *in* Yuma and that the incident occurred there.

standard. The court denied the motion and convicted Ortega of aggravated assault. Subsequently, Ortega appealed the denial of his Rule 20 motion at the sentencing hearing. The court denied the motion for being untimely under Rule 20(b). Ortega was sentenced to imprisonment for the presumptive term of 2.25 years. Ortega timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") § 12-120.21(A)(1) (2016).

**DISCUSSION**

¶6         On appeal, Ortega exclusively raises the issue of jurisdiction. Asserting that subject matter jurisdiction is an element of the crime, Ortega argues that the State must prove it beyond a reasonable doubt. Ortega's argument is that the State did not sufficiently establish that "Yuma prison" is located in Yuma County, Arizona. Thus, he contends that the State did not meet its burden and asks that we vacate his conviction for structural error.

¶7         This case does not warrant a structural error inquiry. Structural errors "deprive defendants of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence." *Neder v. United States*, 571 U.S. 1, 8-9 (1999) (citation and quotations omitted); *see State v. Valverde*, 220 Ariz. 582, 584, ¶ 10 (2009); *State v. Ring*, 204 Ariz. 534, 552, ¶ 45 (2003). Thus, structural error is only found in a "very limited class of cases." *Neder*, 571 U.S. at 8 (quotations omitted). This is not one such case. *See Ring*, 220 Ariz. at 552-53, ¶ 46 ("[I]nstances [of structural error] involve errors such as a biased trial judge, complete denial of criminal defense counsel, denial of access to criminal defense counsel during an overnight trial recess, denial of self-representation in criminal cases, defective reasonable doubt jury instructions, exclusion of jurors of the defendant's race from grand jury selection, excusing a juror because of his views on capital punishment, and denial of a public criminal trial.").

¶8         Rather, Ortega is appealing for insufficiency of evidence to show jurisdiction. Thus, we view the evidence and all reasonable inferences therein in the light most favorable to upholding the conviction. *State v. Arredondo*, 155 Ariz. 314, 316 (1987). Ortega contends that the location of the crime is a question of Arizona's territorial jurisdiction which must be proven beyond a reasonable doubt. The State contends that the location of the crime, as long as it occurred in Arizona, is a question of venue, which must be proven by a mere preponderance of the evidence.

**¶9**         Both parties rely on *State v. Willoughby*, 181 Ariz. 530 (1995), for the standard by which jurisdiction must be established. In *Willoughby*, the Arizona Supreme Court held "[i]n the very rare case in which jurisdiction is legitimately in issue because of contradicting jurisdictional facts, Arizona's territorial jurisdiction must be established beyond a reasonable doubt." *Id.* at 538. However, when the issue is venue, it may be established by a preponderance of the evidence. *Id.* at 537-38.

**¶10**         We need not resolve the issue of the standard of proof of review. Regardless of whether the location of the crime in Arizona must be proven beyond a reasonable doubt or only by a preponderance of the evidence, the testimony was clear and uncontradicted that the crime occurred in Yuma County. The repeated references to the Arizona state prison *in* Yuma make the meaning of "Yuma prison" unambiguous.[2] Furthermore, the report by Special Investigator JS explicitly states that the incident occurred at "Arizona State Prison Complex -Dakota" in "San Luis, Arizona." The court also could take judicial notice under Arizona Rule of Evidence 201 that San Luis is in Yuma County. Ariz. R. Evid. 201;[3] *see In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000) ("[Rule 201] allows [the Court of Appeals] to take judicial notice of anything of which the trial court could take notice"); *State of Arizona*, http://www.printablee.com/postpic/2015/06/detailed-arizona-map_183580.jpg (last visited Nov. 7, 2016). Thus, the evidence presented at trial was sufficient to establish jurisdiction or venue.

---

[2]    This is very clear in the transcript. For example, the following exchange is the first time that the term "Yuma prison" is used:

Q.    Okay. Are you assigned to the Arizona state prison here in Yuma?
A.    Yes, I am.
Q.    And two years ago in December -- on December 13th, 2013, were you working at the Yuma prison also at that time?
A.    Yes, I was.

[3]    Arizona Rule of Evidence 201(b) provides:
      The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

## CONCLUSION

**¶11** For the foregoing reasons, we affirm Ortega's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED: AA