NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ANTHONY LEON DELGADO, *Appellant*.

No. 1 CA-CR 24-0580

FILED 10-29-2025

---

Appeal from the Superior Court in Yuma County
S1400CR202100188
The Honorable David M. Haws, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph Newberg
*Counsel for Appellee*

Zachary Law Group, PLC, Mesa
By Jessica Zachary
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Judge:

**¶1**         Anthony Leon Delgado appeals his conviction of theft and the resulting sentence, urging that the superior court's use of an electronic recording system rather than a court reporter for part of his trial deprived him of due process, a fair trial, and the right to counsel. We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**         Beginning in August 2020, Delgado was often in charge of closing the store where he worked, and his duties included depositing money at an ATM each night or the next day. The manager left the store's ATM card with Delgado so he could make the deposits.

**¶3**         In December 2020, the store's owner asked the manager about the store's bank account because she had noticed there was less money in the account than there should have been. Although Delgado claimed he had deposited all the money he collected from the store, the owner did not believe him and reported the missing money to the police.

**¶4**         In early 2021, the State charged Delgado with one count of theft of $25,000 or more, a class 2 felony. *See* A.R.S. § 13-1802(A)(1), (G), (K). Delgado's first jury trial ended in a mistrial.

**¶5**         Delgado's second trial took place in 2024. No court reporter was available, so the court used the Justice AV Solutions recording system ("JAVS") to record the proceedings. Delgado's counsel objected to proceeding without a court reporter, but while the court agreed that having a court reporter would be preferable, it nevertheless continued with JAVS alone because none were available. The court instructed the attorneys to take care that the recording devices captured all statements and likewise reminded jurors and witnesses to speak up to ensure their answers were captured.

**¶6**         On the second day of trial, Delgado's counsel renewed his objection to proceeding without a court reporter and moved for a mistrial.

Counsel expressed concern that if JAVS did not pick up certain audio (noting a particularly soft-spoken witness's testimony), it would leave an inadequate record for appeal. He also noted one occasion when he would have asked a court reporter to read back a witness's answer (to resolve a disagreement with the prosecutor about the substance of the testimony), but could not do so with only JAVS. Counsel remarked that he was hard of hearing and had struggled to hear various participants (a witness, the prosecutor, and the court) on several occasions, even while using court-provided headphones to assist. He suggested that it was detrimental not to have a court reporter available to read statements back verbatim and that it would be disruptive to frequently ask others to repeat themselves.

**¶7** The court denied the mistrial request, although it echoed some of counsel's concerns about the adequacy of the record and the inability to have the record read back in real time. The court specifically acknowledged counsel's hearing limitations, undertook to remind witnesses to speak up, and noted that counsel's performance thus far had been "competent and skilled."

**¶8** Court reporters were present on the third day of trial, but the court again used JAVS on days four and five when court reporters were not available. At the end of the trial, the jury returned a guilty verdict, finding the amount of the theft was $25,000 or more. The court sentenced Delgado to a mitigated term of 3.5 years' imprisonment, with credit for 309 days of presentence incarceration. Delgado timely appealed, and we have jurisdiction under A.R.S. § 13-4033(A)(1).

## DISCUSSION

**¶9** Delgado argues that the superior court erred by proceeding without a court reporter and instead relying on the JAVS recording alone. Because Delgado timely objected to the use of JAVS at trial, we review for error and determine whether any error was harmless. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005). To the extent Delgado alleges an outright denial of counsel under *United States v. Cronic*, we review for structural error. 466 U.S. 648, 659–60 (1984); *see also State v. Valverde*, 220 Ariz. 582, 585, ¶ 10 (2009) (when structural error exists, prejudice is presumed and reversal is required even absent objection), *abrogated in part by State v. Escalante*, 245 Ariz. 135, 140–41, ¶¶ 15–16 (2018).

**¶10** Until late 2021, Arizona Supreme Court rules required a court reporter for all felony jury trials. *See* Ariz. R. Sup. Ct. 30(b)(3)(c) (2020); *see also* Ariz. Sup. Ct. No. R-20-0013 (Sept. 30, 2021) (order adopting

amendments to various procedural rules related to the verbatim record of court proceedings on an emergency basis). Thereafter, the Arizona Supreme Court amended the rules to require a court reporter in criminal cases only if, after a party's timely written request, "a certified reporter is available on the day of the trial or hearing." Ariz. R. Sup. Ct. 30(b)(2)(c); Ariz. Sup. Ct. No. R-20-0013 (Dec. 8, 2021) (order adopting permanent amendments to various procedural rules, including Rule 30 of the Rules of the Supreme Court of Arizona, to permit use of electronic recording devices in lieu of court reporters to create the verbatim record); *see also* A.R.S. § 38-424(A)–(B); 2021 Ariz. Sess. Laws, ch. 346, § 1 (55th Leg., 1st Reg. Sess.). Absent a court reporter, "the court's electronic recording of a proceeding is the official record." Ariz. R. Sup. Ct. 30(b)(3)(b).

¶11        Delgado does not dispute that no court reporter was available on several trial days, meaning the use of an electronic recording system like JAVS was permissible under the rules. *See* Ariz. R. Sup. Ct. 30(b)(2)(c), (3)(b). Delgado argues, however, that because of his attorney's hearing impairment, the absence of a court reporter here deprived him of due process and a fair trial and infringed on his right to counsel.[1]

¶12        Under the Fourteenth Amendment's Due Process Clause, criminal prosecutions must comport with prevailing notions of fundamental fairness by affording criminal defendants a meaningful opportunity to present a complete defense. U.S. Const. amend. XIV, § 1; *Cruz v. Blair*, 255 Ariz. 335, 346–47, ¶ 38 (2023). Delgado asserts that he was unable to mount a complete defense because, without a court reporter present to provide a verbatim recitation on request, his trial counsel could not hear exact testimony, effectively cross-examine witnesses, or object to the State's questions. But the record on appeal shows to the contrary: Delgado's counsel objected to the State's questions and its witnesses' answers throughout the trial, cross-examined witnesses and impeached them with references to their earlier testimony, and asked witnesses to repeat themselves when necessary. Moreover, when a court reporter was

---

[1]        Although Delgado also characterizes proceeding without a court reporter as a potential violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213 ("ADA"), he concedes that a claim for an ADA violation, if any, must be pursued in a separate civil action. *See In re R.B.*, 2 CA-JV 2021-0023, 2021 WL 3523553, at *3, ¶ 14 (Ariz. App. Aug. 11, 2021) (mem. decision) (agreeing with *In re M.S.*, 95 Cal. Rptr. 3d 273, 283–84 (App. 2009), that ADA claims must be raised in an independent civil action). Because Delgado may not raise an ADA claim on his counsel's behalf in this criminal appeal, we do not further address the issue.

present on the third day of trial, Delgado's counsel did not ask the reporter to read testimony or questions back, instead asking speakers to repeat themselves as he did on other days. And during Delgado's first trial (at which court reporters were present and the same attorney represented Delgado), Delgado's counsel only once asked the court reporter to read something back verbatim. The record thus does not show that using JAVS instead of a court reporter deprived Delgado of due process or otherwise rendered his trial unfair. We note that judges have an ethical obligation to avoid bias, prejudice, and harassment based on disability and not to suborn discriminatory treatment in the courtroom. *See* Ariz. R. Sup. Ct. 81, Ariz. Code Jud. Conduct 2.3(B). And here, the record reflects that the judge presiding over Delgado's trial acknowledged counsel's hearing impairment and took action to accommodate counsel's needs by instructing all participants to speak clearly into microphones, reminding witnesses to speak up or asking them to repeat themselves, and providing headphones to supplement counsel's hearing aids. Although the court declined counsel's request to defer trial until a court reporter was available, Delgado does not allege and the record does not reveal any violation of the judge's ethical obligation in this regard.

¶13      Delgado next asserts that the absence of a court reporter in effect left him without the assistance of counsel, which may be structural error under *United States v. Cronic*, 466 U.S. at 659–60. Impairment of the Sixth Amendment right to assistance of counsel qualifies as structural error in three limited circumstances: (1) a "complete denial of counsel" at a "critical stage" of the proceedings, (2) "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or (3) "when even competent counsel would be unlikely to provide effective assistance." *State v. Traverso*, 256 Ariz. 278, 283–84, ¶ 24 (App. 2023) (quoting *Cronic*, 466 U.S. at 659–60), *vacated in part*, No. CR-23-0264-PR, 2025 WL 2699486, at *9, ¶ 46 (Ariz. Sept. 23, 2025) (vacating ¶¶ 9–23 of the court of appeals' opinion); *see also State v. Ring*, 204 Ariz. 534, 552–53, ¶ 46 (2003) (noting "complete denial of criminal defense counsel" as one recognized form of structural error).

¶14      Delgado asserts that without a court reporter available to read back the prosecutor's questions and witnesses' answers verbatim, counsel could not subject the prosecution's case to meaningful adversarial testing. But as described above, the record on appeal reflects that Delgado's counsel objected to the State's questions and its witnesses' answers throughout the trial, cross-examined witnesses and impeached them by reference to their earlier testimony, and asked witnesses to repeat themselves as necessary. The record does not show that using JAVS instead of a court reporter

meaningfully affected counsel's performance, so Delgado has not shown a deprivation of counsel resulting in structural error.

**¶15**    To the extent Delgado asserts non-structural ineffective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984) (ineffective assistance claim requires a showing of deficient performance and resulting prejudice), any such claim may be pursued "*only* in a Rule 32 post-conviction proceeding—not before trial, at trial, or on direct review." *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007).  Accordingly, we do not address ineffective assistance of counsel, without prejudice to Delgado raising any such viable claim in post-conviction proceedings.  *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

## CONCLUSION

**¶16**    We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR