223 P.3d 681

**The STATE of Arizona, Appellee,**

**v.**

**Cesar MONTES, Appellant.**

**No. 2 CA–CR 2008–0148.**

Court of Appeals of Arizona,
Division 2, Department A.

Dec. 31, 2009.

Terry Goddard, Arizona Attorney General By Amy M. Thorson, Tucson, Attorneys for Appellee.

Robert J. Hirsh, Pima County Public Defender By David J. Euchner, Tucson, Attorneys for Appellant.

## OPINION

HOWARD, Chief Judge.

¶ 1 In a memorandum decision, we affirmed appellant Cesar Montes's convictions and sentences for second-degree murder and aggravated assault. *State v. Montes*, No. 2 CA–CR 2008–0148, 2009 WL 2998931 (memorandum decision filed Sept. 18, 2009). Montes subsequently filed a motion for reconsideration, arguing that a recent change in the law entitles him to a new trial. Because applying the change in law to Montes's case violates the Separation of Powers Clause of the Arizona Constitution, we deny his motion.

¶ 2 In October 2005, Montes was charged with one count of first-degree murder, two counts of attempted first-degree murder, and two counts of aggravated assault with a deadly weapon. At trial, Montes claimed that he had killed the victim in self defense. *See* A.R.S. § 13–404(A).

¶ 3 Before Montes's trial began, the legislature enacted Senate Bill 1145. *See* 2006 Ariz. Sess. Laws, ch. 199. That bill amended A.R.S. § 13–205(A) to require that the state prove the defendant had not acted with justification when a defendant raises a claim of self defense at trial. 2006 Ariz. Sess. Laws, ch. 199. In *Garcia v. Browning*, 214 Ariz. 250, ¶¶ 1, 4, 14, 151 P.3d 533, 534, 536 (2007), however, our supreme court determined that the amendment regulated primary conduct, was not made retroactive, and only applied to defendants whose offenses were committed on or after the statute's effective date of April 24, 2006. Because Montes committed his offenses on September 11, 2005, he was required to prove by a preponderance of the evidence that he had acted in self defense. *See id.* ¶¶ 2–3. The jury rejected Montes's self-defense claim, finding him guilty of second-degree murder and both counts of aggravated assault. As we previously noted, Montes appealed, and we affirmed his convictions and sentences in a memorandum decision filed on September 18, 2009.

¶ 4 Montes filed a motion for reconsideration of this court's decision, claiming there had been a significant change in the law that mandated a new trial in his case. Effective September 30, 2009, the legislature enacted Senate Bill 1449, a statement of intent, which sought to nullify our supreme court's decision in *Garcia v. Browning* and make the previous amendment to § 13–205(A) "retroactively applicable to all cases in which the defendant did not plead guilty or no contest and that were pending ... on April 24, 2006." 2009 Ariz. Sess. Laws, ch. 190, §§ 1–2; *see also* Ariz. Const. art. IV, pt. 1, § 1(3) (laws generally effective on ninety-first day after close of legislative session). Montes asserts that because his case was pending on April 24, 2006, the state had the burden of proving he had not acted in self defense and is, therefore, entitled to a new trial.

¶ 5 As a preliminary matter, we address the state's contention that we "should deny [Montes's] motion for reconsideration [outright] because he has not stated grounds for relief under the applicable rule, Arizona Rule of Criminal Procedure 31.18." Rule 31.18(c) states that "[a] motion for reconsideration shall be directed solely to discussion of those specific points or matters in which it is claimed the appellate court has erred in determination of facts or law."

¶ 6 Before this court decided his appeal, Montes requested leave to file supplemental briefing on this issue. This court denied his request because it would have been inappropriate to presume an outcome of the appeal or extend or accelerate the processing of the case based on the impending effective date of the new statute. Furthermore, it would have been inappropriate to presume what the parties would do if the case were decided before the effective date. Nevertheless, Montes attempted to raise this

issue in a timely fashion. Additionally, if this amendment applies to Montes and provides him a right to some form of relief, our prior decision would have been in error. *See State v. Gonzales,* 141 Ariz. 512, 513, 687 P.2d 1267, 1268 (1984) (determining sua sponte if new statute applied to case); *see also State v. Towery,* 204 Ariz. 386, ¶ 8, 64 P.3d 828, 831–32 (2003), *quoting Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (conviction final when " 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied' "). We conclude a motion for reconsideration properly may raise this issue here.

¶ 7 Moreover, as Montes notes, even if his motion for reconsideration was improper under Rule 31.18, this court may suspend the requirements of Rule 31 "in exceptional circumstances." Ariz. R.Crim. P. 31.20. We agree with Montes that the significant change in the law here, which he attempted to raise before we issued our decision, qualifies as such a circumstance. Accordingly, we address the merits of his claim.

¶ 8 Montes contends that through Senate Bill 1449, the legislature made its 2006 amendment to § 13–205(A) retroactively applicable to his case, which changed the burden of proof regarding self-defense and requires that he be granted a new trial. Citing our supreme court's decision in *State v. Murray,* 194 Ariz. 373, 982 P.2d 1287 (1999), the state claims that this court should deny Montes's motion because Senate Bill 1449 "violates the [S]eparation of [P]owers [C]lause of the Arizona Constitution." We review constitutional issues and other issues of law de novo. *See State v. Caraveo,* 222 Ariz. 228, ¶ 9, 213 P.3d 377, 379 (App.2009).

¶ 9 The defendant in *Murray* was convicted of several crimes, including sexual assault, and sentenced to a flat term of imprisonment from which he was ineligible for parole. 194 Ariz. 373, ¶ 2, 982 P.2d at 1288. Relying upon *State v. Behl,* 160 Ariz. 527, 774 P.2d 831 (App.1989), this court affirmed Murray's convictions and sentences on appeal. *Murray,* 194 Ariz. 373, ¶ 3, 982 P.2d at 1288. After we issued our decision, however, our

supreme court decided *State v. Tarango,* 185 Ariz. 208, 212, 914 P.2d 1300, 1304 (1996), which affirmed the appellate court's decision that similarly situated "prisoners ... could not be given flat-time sentences and are thus parole eligible." *Murray,* 194 Ariz. 373, ¶ 3, 982 P.2d at 1288. Murray then filed a petition for post-conviction relief, asserting that his sentence was illegal under *Tarango's* interpretation of the sentencing statute. *Id.* ¶ 4. The legislature subsequently enacted retroactively a measure attempting to overrule *Tarango* and requiring flat-time sentences with parole ineligibility. *Id.* ¶¶ 4, 6.

¶ 10 Our supreme court in *Murray* held that the legislature's attempt to overrule its decision in *Tarango* and apply flat-time sentences on a retroactive basis violated the separation of powers doctrine of the Arizona Constitution. *Id.* ¶¶ 5–7. The court stated that

the legislature cannot overrule and change [a judicial] interpretation of [a] statute and apply it on a retroactive basis. It may change the statute for prospective application, but cases, including the present one, must be decided on the basis of the court's interpretation of the substantive law that existed at the time the events in question occurred. That interpretation, binding under the separation of powers embodied in article III of our constitution, cannot be overruled. As a general matter, the separation of powers doctrine leaves creation of future statutory law to the legislative branch and determination of existing law and its application to past events to the judicial branch.

*Id.* ¶ 9.

¶ 11 Here, as in *Murray,* the legislature enacted Senate Bill 1449 in an effort to overrule retroactively our supreme court's decision in *Garcia v. Browning,* which held that Senate Bill 1145's changes to the burden of proof in cases in which a defendant has raised a justification defense could not be applied retroactively. 214 Ariz. 250, ¶ 1, 151 P.3d at 534. "A legislative attempt to retroactively overrule a decision by the courts of this state interpreting a statute violates the separation of powers doctrine." *State v.*

*Fell,* 209 Ariz. 77, ¶ 17, 97 P.3d 902, 907 (App.2004). We therefore follow our supreme court's interpretation of Senate Bill 1145 as articulated in *Garcia*—namely that the burden of proof in justification defense cases shifts to the state only when the offense at issue was committed on or after April 24, 2006. 214 Ariz. 250, ¶¶ 1, 3–4, 151 P.3d at 534. "Once the supreme court interpreted [Senate Bill 1145], that interpretation became part of the statute." *Fell,* 209 Ariz. 77, ¶ 20, 97 P.3d at 908. The legislature's subsequent attempt to overrule our supreme court's decision in *Garcia* was therefore unconstitutional.[1]

¶ 12 Montes argues, however, that the legislature's enactment of Senate Bill 1449 cannot be unconstitutional because our supreme court stated in *Garcia,* 214 Ariz. 250, ¶ 19, 151 P.3d at 537, that "nothing in the United States Constitution or the Arizona Constitution prohibits applying Senate Bill 1145" retroactively. But the court in *Garcia* went on to state that the legislature had not done so. *Id.* The issue today is not whether Senate Bill 1145 could have been applied retroactively when enacted but instead whether the legislature's attempt to overrule retrospectively our supreme court's interpretation of Senate Bill 1145 is unconstitutional. We agree with the state that it is and reject Montes's argument.

¶ 13 Montes also contends that our supreme court's holding in *Murray* is inapplicable to his case because the legislative modification at issue in *Murray* changed and altered the relevant statute, whereas Senate Bill 1449 "merely clarifie[d] the legislature's intent as to the applicability" of its changes to § 13–205(A). He also asserts *Murray* involved "*ex post facto* undertones not implicated ... by S[enate] B[ill] 1449." But by attempting to apply the amendment to § 13–205 retroactively, the legislature was changing the statute as interpreted by the supreme court. *See Fell,* 209 Ariz. 77, ¶ 20, 97 P.3d at 908 (supreme court's interpretation becomes part of statute). And in *Fell,* we made it clear that the legislature cannot

nullify a supreme court decision by "clarifying" the law. 209 Ariz. 77, ¶ 17, 97 P.3d at 907. Additionally, *Murray's* holding was not limited to legislative modifications that change or alter the language of a statute or to cases involving ex post facto implications. Rather, in holding that the legislature may not overrule a judicial interpretation of a statute and apply it on a retroactive basis, the *Murray* court stated that " '*any* attempt by the Arizona Legislature to adjudicate pending cases by defining existing law and applying it to fact is prohibited.' " 194 Ariz. 373, ¶¶ 8, 9, 982 P.2d at 1289 (emphasis added), *quoting San Carlos Apache Tribe v. Superior Court,* 193 Ariz. 195, ¶ 34, 972 P.2d 179, 194 (1999); *see also Cronin v. Sheldon,* 195 Ariz. 531, ¶¶ 26, 30, 991 P.2d 231, 237, 238 (1999) (finding preamble to Employment Protection Act, which purported to invalidate supreme court's decision in *Wagenseller v. Scottsdale Memorial Hospital,* 147 Ariz. 370, 710 P.2d 1025 (1985), "devoid of operative effect" because "it manifest[ed] the legislature's intent to usurp judicial authority in violation of the separation of powers doctrine"). Montes's distinction is without merit.

¶ 14 Montes finally contends that he is entitled to a new trial under the "doctrine of abatement." As defined by Montes, the doctrine of abatement halts all criminal prosecutions that are not final when a statute governing them is repealed. The legislature's enactment of Senate Bill 1449 does not encompass such a situation and we reject Montes's contention.

¶ 15 Montes committed his offenses, and was tried and convicted before the legislature enacted Senate Bill 1449. His guilt was properly determined based on the version of § 13–205 in effect when he was convicted, as interpreted by the supreme court in *Garcia.* Because Senate Bill 1449 attempts to overrule retroactively a supreme court decision, it is unconstitutional. We deny Montes's motion for reconsideration.

---

1.  Because we conclude that Senate Bill 1449 was unconstitutional, we need not address the state's related arguments that the bill "would greatly

disrupt the administration of justice" and violated "the Victims' Bill of Rights."

CONCURRING: PHILIP G. ESPINOSA, Presiding Judge, and GARYE L. VÁSQUEZ, Judge.