SUPREME COURT OF ARIZONA
En Banc

STATE OF ARIZONA,      ) Arizona Supreme Court
               ) No. CR-10-0017-PR
         Appellee, )
               ) Court of Appeals
      v.      ) Division Two
               ) No. 2 CA-CR 08-0148
CESAR MONTES,       )
               ) Pima County
        Appellant. ) Superior Court
               ) No. CR20054089
               )
               )
               ) **O P I N I O N**
_____ )

Appeal from the Superior Court in Pima County
The Honorable Howard L. Fell, Judge Pro Tem

**REVERSED AND REMANDED**

_____

Opinion of the Court of Appeals Division Two
223 Ariz. 337, 223 P.3d 681 (App. 2009)

**VACATED**

_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL     Phoenix
  By Kent E. Cattani, Chief Counsel
    Criminal Appeals/Capital Litigation Section
    Amy M. Thorson, Assistant Attorney General  Tucson
Attorneys for State of Arizona

ROBERT J. HIRSH, PIMA COUNTY PUBLIC DEFENDER    Tucson
  By David J. Euchner
Attorneys for Cesar Montes

_____

**P E L A N D E R**, Justice

¶1   We here address whether the Legislature violated the

separation of powers doctrine in 2009 by enacting Senate Bill

("SB") 1449, which made retroactive SB 1145, a 2006 law concerning the defense of justification in criminal cases. We hold that SB 1449 was a valid exercise of legislative authority.

**I.**

¶2        In 2006, the Legislature enacted SB 1145, 2006 Ariz. Sess. Laws, ch. 199 (2d Reg. Sess.). This law amended Arizona's self-defense statute, Arizona Revised Statutes ("A.R.S.") section 13-205(A) (2003), to require the state to "prove beyond a reasonable doubt that the defendant did not act with justification" if the defendant presents some evidence of justification. In *Garcia v. Browning*, we held that SB 1145 did not apply to criminal offenses occurring before its effective date of April 24, 2006, because the Legislature had not expressly declared that the law would operate retroactively. 214 Ariz. 250, 254 ¶ 20, 151 P.3d 533, 537 (2007); *see* A.R.S. § 1-244 (2003) (providing that no law is "retroactive unless expressly declared therein").

¶3        In 2008, Cesar Montes was tried on multiple charges, including first-degree murder, stemming from offenses committed in 2005. Montes claimed he had killed one victim in self defense. Based on *Garcia* and former § 13-205(A) (as it read before the SB 1145 amendment), the jury was instructed that Montes had to prove by a preponderance of the evidence that he had acted in self defense. The jury rejected that claim and

2

found Montes guilty of second-degree murder and two counts of aggravated assault. The court of appeals affirmed Montes' convictions and sentences in a memorandum decision.

¶4 Shortly thereafter, effective September 30, 2009, the Legislature enacted SB 1449, providing that its 2006 amendment in SB 1145 applied retroactively. 2009 Ariz. Sess. Laws, ch. 190, §§ 1-2 (1st Reg. Sess.). Senate Bill 1449 states as follows:

> Section 1. Applicability
> Laws 2006, chapter 199 applies retroactively to all cases in which the defendant did not plead guilty or no contest and that, as of April 24, 2006, had not been submitted to the fact finder to render a verdict.
>
> Section 2. Purpose
> The purpose of this act is to clarify that the legislature intended to make Laws 2006, chapter 199 retroactively applicable to all cases in which the defendant did not plead guilty or no contest and that were pending at the time the bill was signed into law by the governor on April 24, 2006, regardless of when the conduct underlying the charges occurred.

¶5 Citing SB 1449, Montes moved for reconsideration in the court of appeals, arguing that SB 1145 applied to him because his case was still pending trial on April 24, 2006. The court denied Montes' motion, finding SB 1449 an unconstitutional attempt "to overrule retroactively a supreme court decision." *State v. Montes*, 223 Ariz. 337, 340 ¶ 15, 223 P.3d 681, 684 (App. 2009). The court of appeals reasoned that, after we held in *Garcia* that the statutory changes effected in SB 1145 applied

3

only prospectively, the Legislature could not retrospectively "chang[e] the statute as interpreted" by this Court. *Id.* at ¶ 13.

¶6    Disagreeing with *Montes*, another panel of the court of appeals reached a contrary conclusion in *State v. Rios*, holding that "the operative portion of [SB 1449] does not violate the separation of powers clause," but rather constitutes "a valid exercise of the Legislature's power to retroactively grant new rights to criminal defendants." 225 Ariz. 292, ___ ¶ 1, 306 ¶ 51, 237 P.3d 1052, 1054, 1066 (App. 2010).

¶7    We granted Montes' petition for review to consider an issue of statewide importance and one on which panels of the court of appeals have issued conflicting opinions. We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.

¶8    The legislative, executive, and judicial branches of Arizona government are "separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others." Ariz. Const. art. 3. This separation of powers, however, is not absolute, but rather provides necessary flexibility to government and permits some overlap among branches. *State ex rel. Woods v. Block*, 189 Ariz. 269, 276, 942 P.2d 428, 435 (1997); *State v. Prentiss*, 163 Ariz. 81, 84-85,

4

786 P.2d 932, 935-36 (1989). Article 3 prevents one branch of government from encroaching upon or usurping the functions properly belonging to another branch. *See Block*, 189 Ariz. at 276, 942 P.2d at 435; *Prentiss*, 163 Ariz. at 85, 786 P.2d at 436.

¶9     In this case we consider whether, by enacting SB 1449, the Legislature intruded on powers properly belonging to the judiciary. Both Montes and the State correctly acknowledge that the Legislature could have made SB 1145 retroactive when it was enacted in 2006. *See Garcia*, 214 Ariz. at 254 ¶ 19, 151 P.3d at 537. The point of contention here is whether the Legislature could constitutionally do so after our decision in *Garcia*. The State asserts that SB 1449 is an unconstitutional attempt to overrule *Garcia*, and that separation of powers forecloses the Legislature from making SB 1145 retroactive in the wake of that opinion. Montes argues that SB 1449 is constitutional because *Garcia* "left open the possibility" that the Legislature could make the provisions of SB 1145 retroactive "if it so desired." We agree with Montes.

¶10    The question in *Garcia* was "not whether the legislature *could* have made [SB] 1145 retroactive, but rather whether it did so." 214 Ariz. at 254 ¶ 19, 151 P.3d at 537. We expressly recognized that nothing prohibited the Legislature from making SB 1145 retroactive. *Id.* Our holding that SB 1145

5

did not apply retroactively rested solely on A.R.S. § 1-244 and the Legislature's failure to expressly declare in SB 1145 that it applied to offenses committed before its effective date. *Garcia*, 214 Ariz. at 252-53 ¶¶ 7-11, 151 P.3d at 535-36.

¶11    Nor did *Garcia* suggest that "at no time in the future could the Legislature make [SB 1145] retroactive." *Rios*, 225 Ariz. at ___ ¶ 25, 237 P.3d at 1059-60. Thus, the Legislature's later enactment of SB 1449 did not "overrule" *Garcia*. Although SB 1449 was enacted in response to *Garcia*, every legislative enactment retroactively changing a court's pronouncement on a statute is not a per se separation of powers violation. *See, e.g.*, *Hale v. Wellpinit Sch. Dist. No. 49*, 198 P.3d 1021, 1027-28 (Wash. 2009) (holding legislature's retroactive amendment of statutory definition, which rejected court interpretation, did not violate separation of powers). Rather, the Legislature does not violate separation of powers when it acts to make a law retroactive without disturbing vested rights, overruling a court decision, or precluding judicial decision-making. *See Rios*, 225 Ariz. at ___ ¶ 17, 237 P.3d at 1057.[1]

---

[1] In support of its holding that SB 1449 "did not usurp or encroach upon judicial functions by making the new burden of proof [on self defense] retroactive," the court in *Rios* applied the four-factor test we adopted in *Block*, 189 Ariz. at 276-78, 942 P.2d at 435-37. *See Rios*, 225 Ariz. at ___ ¶¶ 20-24, 237 P.3d at 1058-59. We agree with the result in *Rios*. But having rejected the State's contention that SB 1449 overruled *Garcia*,

## III.

¶12      In finding SB 1449 unconstitutional, the *Montes* court relied primarily on *State v. Murray*, 194 Ariz. 373, 982 P.2d 1287 (1999), and *State v. Fell*, 209 Ariz. 77, 97 P.3d 902 (App. 2004), *aff'd on other grounds*, 210 Ariz. 554, 115 P.3d 594 (2005).  *See Montes*, 223 Ariz. at 339-40 ¶¶ 9-11, 223 P.3d at 683-84.  We agree with the court in *Rios*, however, that those cases are not controlling here.  *See Rios*, 225 Ariz. at ___ ¶ 26 & nn.6-7, ___ ¶ 36, 237 P.3d at 1060 & nn.6-7, 1062 (discussing *Murray* and *Fell*).

¶13      In *Murray*, we struck down a statute retroactively restricting a defendant's vested right to parole eligibility. 194 Ariz. at 374-75 ¶ 6, 982 P.2d at 1288-89.  In that case, the Legislature had enacted a measure retroactively requiring flat-time sentences, responding to our holding in *State v. Tarango*, 185 Ariz. 208, 212, 914 P.2d 1300, 1304 (1996), that certain prisoners could not be given such sentences.  *Murray*, 194 Ariz. at 374-75 ¶¶ 4, 6, 982 P.2d at 1288-89.  In holding that the statute violated separation of powers, we noted that parole eligibility on sentencing is a "substantive right" and the Legislature "'may not disturb vested substantive rights by retroactively changing the law that applies to completed

_____

the sole premise for the alleged separation of powers violation, we find no need to employ *Block*'s four-part test.

7

events.'" *Id.* at 375 ¶ 6, 982 P.2d at 1289 (quoting *San Carlos Apache Tribe v. Superior Court*, 193 Ariz. 195, 205 ¶ 15, 972 P.2d 179, 189 (1999)).[2]

¶14    Senate Bill 1449's operative provision, in contrast, does not disturb vested rights. The State does not argue, nor does the law suggest, that the government has a vested right to a conviction, at least when, as here, a case is pending trial or on direct appeal. *Cf. State v. Morris*, 378 N.E.2d 708, 715 (Ohio 1978) (holding that statute that retroactively reduced penalties for drug offenses did not violate separation of powers).

¶15    The court of appeals in *Fell* held that a legislative attempt to "retroactively nullify" this Court's interpretation of a sentencing statute violated separation of powers. 209 Ariz. at 82 ¶ 17, 97 P.3d at 907. But as *Rios* noted, "[t]he issue in *Fell* was whether the Legislature could retroactively amend sentencing statutes to permit a court to apply more

---

[2] *San Carlos* invalidated various statutory provisions on separation of powers grounds as a legislative attempt to prescribe rules of decision in pending cases. 193 Ariz. at 210 ¶ 33, 972 P.2d at 194 (citing *United States v. Klein*, 80 U.S. 128, 146-47 (1871)). The rule of decision doctrine is not implicated here, however, because SB 1449 does not involve the Legislature "adjudicat[ing] pending cases by defining existing law and applying it to fact." *Id*. at ¶ 34. Senate Bill 1449 does not limit any court's ability to weigh evidence, nor does it mandate a specific factual finding based on particular evidence. *See Rios*, 225 Ariz. at ___ ¶ 51, 237 P.3d at 1066.

aggravating facts in a case which arose before the amendment and to overrule" our decision in *State v. Viramontes*, 204 Ariz. 360, 64 P.3d 188 (2003), which "limit[ed] the aggravators [that] could be applied under the law in effect at the time of the crime." *Rios*, 225 Ariz. at ___ n.7, 237 P.3d at 1060 n.7. Thus, the statute at issue in *Fell* not only overruled this Court's prior opinion, to the detriment of defendants, but also had ex post facto implications. *Fell*, 209 Ariz. at 80-81 ¶¶ 10-12, 97 P.3d at 905-06. No such concerns exist here.

¶16      We also reject the State's argument, raised for the first time in its supplemental brief, that SB 1449 unconstitutionally disturbs victims' rights "in the finality of a defendant's conviction." The Arizona Constitution provides that "a victim of crime has a right . . . [t]o a speedy trial or disposition and prompt and final conclusion of [a] case after the conviction and sentence." Ariz. Const. art. 2, § 2.1(A)(10) ("Victims' Bill of Rights"). But that provision does not give victims a vested right to sustaining a conviction on appeal. *See State ex rel. Thomas v. Klein*, 214 Ariz. 205, 209 ¶ 14, 150 P.3d 778, 782 (App. 2007) (recognizing that the Legislature may "effectively limit the scope of the Victims' Bill of Rights" by "decriminaliz[ing] certain conduct or redefin[ing] the type of conduct that qualifies as a criminal offense"). Therefore, SB 1449 "is a valid exercise of the Legislature's power to

retroactively grant new rights to criminal defendants."  *Rios*, 225 Ariz. at ___ ¶ 52, 237 P.3d at 1066.[3]

## IV.

**¶17**    We address separately section 2 of SB 1449, which states that the bill's "purpose . . . is to clarify that the legislature intended to make [SB 1145] retroactively applicable to all cases" specified in section 1.  2009 Ariz. Sess. Laws, ch. 190, § 2 (1st Reg. Sess.).  *Rios* found this provision "superfluous to [the] separation of powers analysis" but, even if deemed unconstitutional, severable from and not fatal to SB 1449's operative provision in section 1.  225 Ariz. at ___ ¶¶ 29-34, 237 P.3d at 1060-62.

**¶18**    We agree.  Although "the doctrine of separation of powers does not permit us to accept legislative messages regarding the meaning of its *past* actions," *State v. Rodriguez*, 153 Ariz. 182, 187, 735 P.2d 792, 797 (1987), section 2 contains no operative language, *see Rios*, 225 Ariz. at ___ ¶ 33, 237 P.3d at 1061.  However section 2 is characterized, it does not undermine the constitutionality of the operative and unambiguous

---

[3] We do not address the various equal protection and due process concerns first raised at oral argument by the State, which suggested that SB 1449's retroactive application of SB 1145 to some but not all defendants, and its establishment of April 24, 2006, as the cut-off date, are arbitrary, under-inclusive, and lack a rational basis.  Nor do we address how SB 1145, as amended by SB 1449, might apply to post-conviction proceedings under Rule 32, Arizona Rules of Criminal Procedure.

provision in section 1.  *See Cronin v. Sheldon*, 195 Ariz. 531, 538 ¶¶ 30, 32, 991 P.2d 231, 238 (1999) (concluding that, although the preamble to the Employment Protection Act (EPA) unconstitutionally "manifest[ed] the legislature's intent to usurp judicial authority in violation of the separation of powers doctrine," the preamble was not law and did not invalidate the operative statutory text of the EPA).

## V.

¶19     For the foregoing reasons, we hold that the Legislature acted within its proper authority by enacting SB 1449.  We therefore reverse Montes' convictions and sentences, vacate the court of appeals' opinion, and remand the case to the superior court for further proceedings.

_____
A. John Pelander, Justice


CONCURRING:


_____
Rebecca White Berch, Chief Justice

_____
Andrew D. Hurwitz, Vice Chief Justice

_____
W. Scott Bales, Justice


11

_____
Michael D. Ryan, Justice (Retired)