301 P.3d 200

STATE of Arizona ex rel. William G. MONTGOMERY, Maricopa County Attorney, Petitioner,

v.

The Honorable Myra HARRIS, Commissioner of the Superior Court of the State of Arizona, in and for the COUNTY OF MARICOPA, Respondent Commissioner,

Linton Avery Maxwell, Real Party in Interest.

No. 1 CA–SA 12–0290.

Court of Appeals of Arizona, Division 1, Department C.

March 14, 2013.

William G. Montgomery, Maricopa County Attorney by Susan L. Luder, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

Weingart Law Firm by Mark N. Weingart, Tempe, Attorneys for Real Party in Interest.

## OPINION

BROWN, Judge.

¶ 1 In March 2012, Linton Avery Maxwell was convicted of extreme driving under the influence ("DUI") in the West Mesa Justice Court for an offense that occurred in January 2011. Pursuant to Arizona Revised Statutes ("A.R.S.") section 28–1382(D) (2012),[1] he was therefore subject to a thirty-day jail sentence. Citing subpart (I) of the statute,

1. Absent material revision after the relevant date, we cite a statute's current version.

which became effective on December 31, 2011, Maxwell filed a sentencing memorandum requesting suspension of twenty-one days of the required jail time because he had installed an interlock device in his car. A.R.S. § 28–1382(I) (2012). Relying on A.R.S. § 1–246 (2012) and the absence of any retroactivity clause in § 28–1382(I), the justice court denied Maxwell's request that he be sentenced under the new statute and sentenced him pursuant to A.R.S. § 28–1382(D).

¶ 2 Maxwell appealed to the superior court, challenging the justice court's refusal to apply § 28–1382(I) to his sentence. The superior court reversed, reasoning that the legislature, by specifically referencing "the date of sentencing and not the date of the commission of the crime," intended for retroactive application of subpart (I). The State then requested special action relief in this court, seeking reversal of the superior court's order.

¶ 3 Because the State lacks an adequate remedy by way of appeal and its petition presents a pure question of law, we accept jurisdiction. *Phoenix Newspapers, Inc. v. Ellis*, 215 Ariz. 268, 270, ¶ 9, 159 P.3d 578, 580 (App.2007). "We review de novo issues involving interpretation, application, and retroactivity of statutes." *State v. Williams*, 220 Ariz. 331, 335, ¶ 11, 206 P.3d 780, 784 (App.2008).

¶ 4 As of the date of the offense, A.R.S. § 28–1382(D)(1) (2011) stated that a person convicted of DUI under § 28–1382(A)(1) "[s]hall be sentenced to serve not less than thirty consecutive days in jail[.]" Subsequently, the legislature adopted subsection (I), which at the time of sentencing provided as follows:

> Notwithstanding subsection D, paragraph 1 of this section, *at the time of sentencing* if the person is convicted of a violation of subsection A, paragraph 1 of this section, *the judge may suspend all but nine days of the sentence* if the person equips any motor vehicle the person operates with a certified ignition interlock device for a period of twelve months[.] If the person fails to comply with [installing the interlock device], the court shall issue an order to show

cause as to why the remaining jail sentence should not be served.

A.R.S. § 28–1382(I) (emphasis added).

¶ 5 As the superior court properly noted, Arizona recognizes the longstanding principle that "[n]o statute is retroactive unless expressly declared therein." A.R.S. § 1–244 (2012). However, even absent an express retroactivity declaration, a statute may be applied retroactively if it is procedural in nature, rather than substantive. *In re Shane B.*, 198 Ariz. 85, 87, ¶ 8, 7 P.3d 94, 96 (2000). Additionally, "overall legislative intent" can be used to determine retroactivity. *San Carlos Apache Tribe v. Superior Court ex rel. Maricopa*, 193 Ariz. 195, 205, ¶ 14, 972 P.2d 179, 189 (1999). Neither of these exceptions applies in this case, however.

¶ 6 First, although Maxwell asserted in the superior court that § 28–1382(I) is procedural, he has made no such contention here. Regardless, the statute is a substantive amendment because it affects the length of sentence. *See Shane B.*, 198 Ariz. at 88, ¶ 9, 7 P.3d at 97 ("In the criminal context, substantive law either defines a crime or involves the length or type of punishment." (internal quotations and citations omitted)).

¶ 7 Second, we disagree with the superior court's determination that the phrase "at the time of sentencing" supports clear legislative intent that § 28–1382(I) should apply retroactively. In our view, "at the time of sentencing" merely permits the sentencing judge, during the sentencing hearing, to suspend twenty-one days of jail time if the defendant installs an interlock device and uses it for twelve months. When the legislature wants to make a measure retroactive, it does so explicitly. *See, e.g., State v. Montes*, 226 Ariz. 194, 195, ¶¶ 2–5, 245 P.3d 879, 880 (2011) (discussing the legislature's attempt to make a statute retroactive by including the phrase "applies retroactively.").

¶ 8 Nor does any other language in § 28–1382(I) support retroactive application. Instead, the legislature selected a specific date on which the statute was to become effective, December 31, 2011. *See* Senate Bill ("S.B.") 1200, Ariz. Sess. Laws, ch. 341, § 23 (1st Reg. Sess.). We must presume the legisla-

ture, in doing so, determined that § 28–1382(I) would apply only to DUI offenses occurring after that date. *See Sanderson Lincoln Mercury, Inc. v. Ford Motor Co.,* 205 Ariz. 202, 205, ¶ 11, 68 P.3d 428, 431 (App.2003) ("[W]e presume that the legislature has said what it means."). Had the legislature intended for the legislation to apply retroactively, it could have done so expressly as it has in other contexts. *See Garcia v. Browning,* 214 Ariz. 250, 252, ¶ 8, 151 P.3d 533, 535 (2007) (describing several bills wherein the legislature expressly stated the statutes apply retroactively), superseded by statute, S.B. 1449, 2009 Ariz. Sess. Laws, ch. 190, §§ 1–2 (1st Reg. Sess.), as recognized in *Montes,* 226 Ariz. at 196, ¶ 11, 245 P.3d at 881; *State v. Rios,* 225 Ariz. 292, 296, ¶¶ 9–11, 237 P.3d 1052, 1056 (App.2010) (noting that in responding to *Garcia,* the legislature changed the statute by incorporating the following express language: "Laws 2006, chapter 199 applies retroactively[.]").

 ¶ 9 Finally, A.R.S. § 1–246 (2012) expressly provides that when a penalty is changed, the new penalty "shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed." This statute "is a clear and unequivocal expression of legislative intent that an offender's punishment is to be determined when he commits his offense[.]" *Baker v. Superior Court,* 190 Ariz. 336, 339, 947 P.2d 910, 913 (App.1997). As such, an individual convicted of a crime in Arizona generally cannot benefit from a subsequent change to sentencing provisions. *See State v. Stine,* 184 Ariz. 1, 3, 906 P.2d 58, 60 (App.1995) (explaining that a person convicted of a crime in Arizona "must be punished under the law in force when the offense was committed and is not exempted from punishment by a subsequent amendment to the applicable statutory provision." (internal citation and quotation omitted)); *see also State v. Newton,* 200 Ariz. 1, 2, ¶ 3, 21 P.3d 387, 388 (2001) ("A basic principle of criminal law requires that an offender be sentenced under the laws in effect at the time he committed the offense for which he is being sentenced.").

¶ 10 We conclude the superior court erred when it reversed the justice court's order denying Maxwell's request for retroactive application of § 28–1382(I). We therefore accept jurisdiction of the State's special action petition, reverse the superior court's order, and remand for further proceedings consistent with this decision.

CONCURRING: SAMUEL A. THUMMA, Presiding Judge and DIANE M. JOHNSEN, Judge.