NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

GREGORY FRANCIS SCHMIDT, *Petitioner.*

No. 1 CA-CR 13-0063 PRPC
FILED 4-1-2014

---

Petition for Review from the Superior Court in Maricopa County
No. CR1998-007677
The Honorable Peter C. Reinstein, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Gregory Francis Schmidt, San Luis
*Petitioner In Propria Persona*

_____

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani, Judge Margaret H. Downie and Judge Michael J. Brown delivered the decision of the court.

_____

**PER CURIAM**:

**¶1**        Petitioner Gregory Francis Schmidt seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012). Finding no such error, we grant review but deny relief.

**¶2**        For purposes relevant to this proceeding, in 1999, a jury rejected Schmidt's claim of self-defense and convicted him of murder. The superior court sentenced Schmidt to twenty-five years' imprisonment. This court affirmed the conviction and sentence on direct appeal. *State v. Schmidt*, 1 CA-CR 00-0056 (Ariz. App. Dec. 28, 2000) (mem. decision).

**¶3**        In December 2012, Schmidt filed this successive post-conviction relief proceeding. Schmidt raised a claim of ineffective assistance of counsel and a claim that there had been a significant change in the law regarding the burden of proof for self-defense that applied to his case and entitled him to relief. Specifically, in 2006, the Legislature enacted SB 1145, 2006 Ariz. Sess. Laws, ch. 199 (2d Reg. Sess.), which amended the self-defense statute, Arizona Revised Statutes section 13–205(A) (2003), and shifted the burden of proof of preponderance of the evidence from a defendant to the State to "prove beyond a reasonable doubt that the defendant did not act with justification."

**¶4**        In *Garcia v. Browning*, the Supreme Court held that SB 1145 did not apply to criminal offenses occurring before its effective date of April 24, 2006. 214 Ariz. 250, 254, ¶ 20, 151 P.3d 533, 537 (2007), *superseded by statute as stated in State v. Montes*, 226 Ariz. 194, 245 P.3d 879 (2011). Thereafter, effective September 30, 2009, the Legislature enacted SB 1449, providing that its 2006 amendment in SB 1145 applied retroactively "to all cases in which the defendant did not plead guilty or no contest and that were pending at the time the bill was signed into law by the governor on

April 24, 2006, regardless of when the conduct underlying the charges occurred." 2009 Ariz. Sess. Laws, ch. 190, §§ 1–2 (1st Reg. Sess.).[1]

**¶5**      Because Schmidt's case was final prior to April 24, 2006, the superior court found the amendment did not apply to his case. Schmidt then timely petitioned this court for review.

**¶6**      Schmidt advances several arguments to support his claim that the 2006 amendment, which shifted the burden of proof to the State in a self-defense case, applies to his case and entitles him to relief. We conclude that the superior court correctly determined that because Schmidt's case was final on April 24, 2006, the 2006 amendment did not apply to his case. Moreover, Schmidt effectively received the benefit of this amendment at his trial. At Schmidt's trial the court instructed the jury:

> If you find that the defendant has presented evidence sufficient to raise the issue of justification whether it be self-defense, crime prevention, or defense of a third person, with respect to the crimes of first degree murder or second degree murder or manslaughter or aggravated assault, *the State must then prove beyond a reasonable doubt that the defendant did not act with such justification.*

(Emphasis added).

**¶7**      For these reasons, review is granted, but relief is denied.



Ruth A. Willingham · Clerk of the Court
FILED: MJT

---

[1]    For a complete discussion of the history and effects of the statutory amendments, see *Montes*, 226 Ariz. 194, 245 P.3d 879.